UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE LEE SHAVERS, JR., | Case No. 2:23-cv-0112-DAD-JDP (P) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR LEAVE TO AMEND BE DENIED AS FUTILE |
| v. | |
| SCHRIVER, *et al.*, | ECF No. 47 |
| Defendants. | ORDER GRANTING DEFENDANTS' REQUEST FOR SCREENING AND STAY |
| | ECF No. 49 |

Plaintiff Jesse Lee Shavers, Jr. is a state prisoner proceeding without counsel in this civil rights action under 42 U.S.C. § 1983. Pending is his motion for leave to file an amended complaint, ECF No. 47, and a copy of his proposed fourth amended complaint, ECF No. 48. For the reasons stated below, his motion to amend should be denied as futile. Defendants' request for screening is granted, as is their request to stay their discovery responses until twenty-one days after this order. ECF No. 49.

Federal Rule of Civil Procedure 15(a)(2) instructs courts to "freely give leave [to amend] when justice so requires." *See also Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858, 871 (9th Cir. 2016). "This policy is to be applied with extreme liberality." *C.F. v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011). The court may decline to grant leave to amend only where there is a strong showing of: (1) undue delay, (2) bad faith or dilatory

1    motive, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue

2    prejudice to the opposing party by virtue of allowance of the amendment, or (5) futility of

3    amendment.  *See Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, 708 F.3d 1109, 1117

4    (9th Cir. 2013).

5          Here, I find that the proposed amendment would be futile.  Plaintiff brought this action

6    alleging that defendant prison officials failed to protect him from an attack by another inmate.  On

7    September 27, 2023, I determined that the complaint stated viable Eighth Amendment failure to

8    protect claims against defendants Trujillo and Schriver.  ECF No. 31.  Now, plaintiff has sought,

9    by way of his proposed amended complaint, to add six new supervisory defendants: (1) Warden

10   Chandler; (2) Associate Warden Peery; (3) Hawkins, a first level manager; (4) Colby, a shift

11   supervisor; (5) Pearson, a supervisor; and (6) Bauer, a classification officer.  ECF No. 48 at 2-3.

12         I have reviewed the amended complaint and find that the claims against the new

13   defendants are insufficient.  Plaintiff alleges that, after his arrival at High Desert State Prison on

14   August 1, 2020, he informed the "prison administration's direct supervisory personnel" about the

15   risk posed to him by "Charles J E," another inmate.  *Id.* at 4.  Plaintiff claims that he did not

16   receive a response to his notification from either the warden's office or defendant Hawkins.  *Id.*

17   On August 15, 2020, inmate Charles allegedly threatened plaintiff, telling him he had only a few

18   days to protect himself.  *Id.*  Plaintiff claims that, then, on August 25, 2020, Charles attacked him.

19   *Id.* at 5.  He claims that defendants Trujillo and Schriver, who were both near the location of the

20   attack, were aware that he was in danger but were slow to respond.  *Id.*

21         As before, plaintiff's claims against Trujillo and Schriver are suitable to proceed.  The

22   claims against the newly added supervisory defendants are non-cognizable for want of specificity,

23   however.  Here, plaintiff alleges that he informed the various supervisory defendants of safety

24   concerns regarding inmate Charles, but he does not allege specifically what he told them, how he

25   conveyed that warning, or whether these defendants received the warning.  Vague and conclusory

26   allegations of civil rights violations are insufficient to meet pleading standards.  *Litmon v. Harris*,

27   768 F.3d 1237, 1241 (9th Cir. 2014).  While the bar is low, particularly for *pro se* litigants, the

28   rules necessarily demand something more than an assertion that a list of officials were somehow

"informed" of the threat. To hold otherwise would allow litigants to draw in lengthy lists of supervisors without bringing any specific allegations against each.

I recommend that plaintiff's motion to amend be denied as futile and that this action continue against defendants Trujillo and Schriver based on the allegations in the operative complaint, ECF No. 30.

In analyzing the proposed amended complaint, I necessarily grant defendants' request for screening. ECF No. 49. The request to stay discovery while the motion to amend is pending is also granted. I will lift the stay once the district judge rules on my recommendations.

Accordingly, it is ORDERED that:

1. Defendants' request for screening and for stay, ECF No. 49, is GRANTED.

2. Defendants are permitted twenty-one days from the date of this order to serve responses to plaintiff's discovery request.

Further, it is RECOMMENDED that plaintiff's motion to amend, ECF No. 47, be DENIED as futile.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    November 14, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE