UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE LEE SHAVERS, JR.,<br><br>    Plaintiff,<br><br>  v.<br><br>CHANDLER, et al.,<br><br>    Defendants. | Case No.  2:23-cv-00112-DAD-JDP (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION TO AMEND AS FUTILE<br><br>(Doc. Nos. 47, 50) |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 12, 2024, after his third amended complaint was found at screening to have stated potentially cognizable claims against two correctional officers for failure to protect him, plaintiff filed a motion seeking leave to file a fourth amended complaint adding six supervisorial defendants as to his failure to protect claim.  (Doc. Nos. 47, 48.)  On November 14, 2024, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion to amend be denied because his proposed amendment was futile.  (Doc. No. 50.)  Specifically, the magistrate judge reviewed plaintiff's proposed fourth amended complaint and found its new allegations against the proposed six new supervisorial defendants to be vague, conclusory and deficient.  (*Id.*)  In this regard, the magistrate judge explained:

1

> As before, plaintiff's claims against Trujillo and Schriver are suitable to proceed. The claims against the newly added supervisory defendants are non-cognizable for want of specificity, however. Here, plaintiff alleges that he informed the various supervisory defendants of safety concerns regarding inmate Charles, but he does not allege specifically what he told them, how he conveyed that warning, or whether these defendants received the warning. Vague and conclusory allegations of civil rights violations are insufficient to meet pleading standards. *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014). While the bar is low, particularly for *pro se* litigants, the rules necessarily demand something more than an assertion that a list of officials were somehow "informed" of the threat. To hold otherwise would allow litigants to draw in lengthy lists of supervisors without bringing any specific allegations against each.

(*Id.* at 2–3.)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 3.) To date, no objections to the findings and recommendations have been filed by any party, and the time in which to do so has now passed.

The court has reviewed the file and finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis.

Accordingly:

1. The findings and recommendations filed November 14, 2024 (Doc. No. 50), are adopted in full;

2. Plaintiff's motion to amend (Doc. No. 47), is DENIED as futile; and

3. This action is referred back to the assigned magistrate judge for all further pretrial proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **January 30, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

2