UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE LEE SHAVERS, Jr., | Case No. 2:23-cv-0112-DAD-JDP (P) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SCHRIVER, *et al*., | |
| Defendants. | |

Plaintiff, a state prisoner, brought this action under section 1983 alleging that defendants Schriver and Trujillo violated his Eighth Amendment rights when they failed to protect him from an attack by another inmate. ECF No. 30 at 3-4. Defendants have moved for summary judgment, ECF No. 60, plaintiff has filed an opposition, ECF No. 65, and defendants have filed a reply, ECF No. 66.[1] Defendants' motion should be granted.

---

[1] Plaintiff has also filed an unauthorized surreply that, out of an abundance of caution, I have considered. ECF No. 67.

1

Legal Standards

A.  Summary Judgment

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim. *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted).  The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same.  *See* Fed. R. Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position.  *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The court may consider other materials in the record not cited to by the parties, but it is not required to do so.  *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an

essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets this initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (citing *Celotex Corp.*, 477 U.S. at 323). The non-moving party must "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). However, the non-moving party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

Background

Plaintiff alleges that on August 25, 2020, he was assaulted by another inmate at High Desert State Prison, and defendants Schriver and Trujillo, both correctional officers, stood by and watched. ECF No. 30 at 3. He claims that he suffered injuries to his head and neck because of defendants' failure to act. *Id.*

Analysis

Defendants argue that they are entitled to summary judgment because: (1) plaintiff initiated the assault against the other inmate; (2) they had no prior knowledge of any risk of harm to his safety; (3) they acted quickly once the altercation occurred; and (4) they are entitled to

qualified immunity. I find defendants' first argument convincing and recommend that summary judgment be granted on that basis.

To sustain an Eighth Amendment claim against either defendant plaintiff must establish that "(1) that [the defendant], in acting or failing to act, was deliberately indifferent to the mandates of the eighth amendment and (2) that this indifference was the actual and proximate cause of the deprivation of [his] eighth amendment right to be free from cruel and unusual punishment." *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Courts in this circuit have held that, generally, a prisoner plaintiff cannot sustain a failure to protect claim based on an altercation that he instigated. *See Vickers v. Jensrud,* No. 3:12-cv-02102-MO*,* 2014 U.S. Dist. LEXIS 78734, *18 (D. Or. Jun. 9, 2014) ("If the inmate voluntarily encountered the source of the risk of harm, then his own conduct is a superseding cause of the injuries absolving the allegedly indifferent officer of liability."); *Valenzuela v. Makarate*, No. CV 16-2403 VAP (FFM), 2019 U.S. Dist. LEXIS 140423, *5 (C.D. Cal. May 13, 2019) ("[A]n inmate's own violent tendencies are not the type of 'substantial risk of serious harm' protected by the Constitution."); *Lal v. California Dep't of Corrections and Rehabilitation*, No. CV 18-02056-CJC (DFM), 2020 U.S. Dist. LEXIS 227182, * 6 (C.D. Cal. Oct. 29, 2020) ("Generally, a defendant cannot be found liable for injuries a plaintiff incurred during an assault the plaintiff initiated.") (citations omitted); *see also Rosenblum v. Orange County Sheriff Dep't,* 2021 U.S. Dist. LEXIS 57593, *30-31 (C.D. Cal. Feb. 10, 2021) (collecting cases for same proposition). Defendants have submitted evidence that plaintiff instigated the altercation in which he was injured. ECF No. 60-5 at 7 (Rules violation report stating that surveillance footage showed "Inmate Shavers approaches Inmate Charles and pulls his right hand out of his right pocket of his shorts, revealing an unknown object white in color." Object is subsequently described as an "Inmate Manufactured Weapon . . . a plastic type weapon, sharpened to a point with a cloth type material wrapped around it, measuring 6 ½ inches long by 1 inch wide."); 60-5 at 11 (state criminal charges brought against plaintiff for assaulting the other inmate); 60-5 at 15 (guilty plea to assault with a deadly weapon section 4501(a)).

Moreover, there is evidence that defendants responded quickly once the altercation did

occur. In his deposition, plaintiff testified that, as soon as the altercation started, he heard the alarm sound, and an officer ordered the inmates to "get down." ECF No. 60-5 at 40-41. Defendants have provided surveillance evidence incontrovertibly showing that they responded to the fight within a minute. ECF No. 60-4 Exs. A-B.

In his opposition, plaintiff does not meaningfully dispute that he was the instigator of the altercation. Instead, he raises a new allegation, not set forth in his complaint, that another inmate came to the aid of the inmate he attacked, and that defendants failed to protect him from assault by the interceding inmate. ECF No. 65 at 2, 8. New allegations, raised for the first time in an opposition, may not be used to defeat summary judgment. *See Pickern v. Pier 1 Imps. (U.S.), Inc.*, 457 F.3d 963, 969 (9th Cir. 2006) ("[T]he complaint gave the [defendants] no notice of the specific factual allegations presented for the first time in [plaintiff's] opposition to summary judgment."). Moreover, the video evidence does not support plaintiff's claim that another inmate interceded and caused him injury.

Based on the foregoing, I find that summary judgment should be entered in defendants' favor. I find it unnecessary to reach their other arguments.

Conclusion

Accordingly, it is RECOMMENDED that defendants' motion for summary judgment, ECF No. 60, be GRANTED and judgment be entered in their favor.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: December 3, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE